W. R. ALLEN et al. *v.* J. W. SHORTRIDGE et al.

**Tender — Plea of.**

> A plea of tender to be effectual should show an officer to deliver or perform, at a proper or allowable time and a continued readiness afterward.

APPEAL FROM MCLEAN CIRCUIT COURT.

February 13, 1866.

OPINION OF THE COURT BY JUDGE MARSHALL:

This action was brought by Shortridge on an appeal bond executed to them by Allen, etc., on an appeal by Allen, etc., from a judgment of the McLean Circuit Court, for the recovery by Shortridge, etc., of a negro boy, valued in the judgment at $460, and also for $5 costs.

The petition shows a breach of the bond in the failure to deliver the negro boy on demand of the sheriff under a writ of execution issued on the judgment after its affirmance. For this breach there arose immediately a right of action on the bond, and the obligees having failed in their rightful effort to obtain possession of the negro, were entitled to demand the adjudged value, as they have done in this action.

The answer of the defendants pleads a tender of the negro " on the ........ day of ...................," and a readiness now to tender him to the plaintiffs. The answer does not state nor show that the alleged tender was made before the demand of the negro by the sheriff, and does not even show that it was made before the commencement of this suit; nor does it either deny or excuse the failure to deliver to the sheriff, which it entirely shows that the defendants were not at all times ready to deliver the boy after the affirmance of the judgment.

A plea of tender to be effectual should show an offer to deliver or perform at the proper, or at an allowable time, and a continued readiness afterward. Tested by this rule the answer in this case is fatally defective, unless it be true that the right of the defendants in the judgment for the negro, to discharge themselves by delivering him to the plaintiff, is not affected either by the facts alleged in

the petition or by the commencement and pendency of the action founded on the failure to deliver him when lawfully demanded under the judgment.

The truth of this proposition we do not admit, and we are, consequently, of opinion that the answer is insufficient to bar the action and that the demurrer to it was properly sustained.

Wherefore, the judgment is affirmed.